IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.

Dated: April 23, 2010



_____
**SARAH S. CURLEY**
U.S. Bankruptcy Judge
_____

# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-07094

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Andrew L. Bates and Mia J. Bates<br>      Debtors.<br>_____<br>HSBC Bank USA, National Association, as Trustee for WFHET 2006-2.<br>      Movant,<br>  vs.<br><br>Andrew L. Bates and Mia J. Bates, Debtors, Dale D. Ulrich, Trustee.<br><br>      Respondents. | No. 2:10-bk-06599-SSC<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #13) |

      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

      IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated April 19, 2006 and recorded in the office of the Maricopa County Recorder wherein HSBC Bank USA, National Association, as Trustee for WFHET 2006-2. is the current beneficiary and Andrew L. Bates and Mia J. Bates have an interest in, further described as:

> Lot 168, of Dave Brown 172nd Street & Guadalupe, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 550 of Maps, Page 27.

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.